√THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

JOHN H. NEDROW.

*Filed at Springfield September 27, 1887.*

1. FEES AND SALARIES—*"fines or forfeitures" as including penalties— the statute construed.* The words, "fines or forfeitures," in section 8, of chapter 53, relating to fees and salaries, as amended in 1883, are broad enough to include penalties for violation of law, the word "fine" and the word "penalty" being often used interchangeably, to designate the same thing.

2. SAME—*State's attorney's lien on penalty under the Pharmacy act.* State's attorneys have a lien for their fees upon judgments for the penalties named in the Pharmacy act, as well as upon judgments for other penalties, fines or forfeitures, and it is made their duty to prosecute suits for the collection of such penalties.

3. And as respects the question of the existence of the lien, it matters not that the State's attorney at whose instance the lien is declared was not the officer who did the most of the work in the case in which the penalty was recovered. As to whether that officer is entitled to the lien, or his predecessor is entitled to it, does not concern the board of pharmacy. The lien exists in favor of the officer.

APPEAL from the Appellate Court for the Third District;— heard in that court on an agreed case from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. E. S. SMITH, for the appellant.

Mr. OSCAR P. BONNEY, for the appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

The simple question in this case is whether district attorneys in this State have a lien for their fees upon the penalties mentioned in the 15th section of the Pharmacy act.

The 12th section of that act, entitled "An act to regulate the practice of pharmacy in the State of Illinois," (Hurd's

Rev. Stat. chap. 91, p. 815,) provides, that "any person not being or having in his employ a registered pharmacist, within the meaning of this act, who shall  *  *  * keep a pharmacy or store for retailing or compounding medicines  *  *  * shall, for each and every such offence be liable, to a penalty of $50." John H. Nedrow, the appellee herein, was prosecuted for a violation of the portion of said section so as above quoted before a justice of the peace of Adams county, and a judgment was recovered against him for $50 on October 3, 1883. He appealed to the circuit court of that county and, after trial before a jury at the January term, 1884, a verdict of not guilty was returned and judgment entered in his favor. The People took an appeal to the Appellate Court, and, there, the judgment of the circuit court was reversed on January 16, 1885, and the cause remanded to the circuit court. After it had been placed upon the docket for trial at the October term, 1885, of said court, Nedrow dismissed his appeal from the justice of the peace to the circuit court, and paid into the hands of the clerk of the circuit court the $50 so recovered by the People against him before the justice. The clerk now holds the money to be disposed of according to law.

On May 29, 1886, the People by the State's attorney, moved for a rule on the clerk to pay the money to the State's attorney. The board of pharmacy entered a cross-motion for a rule upon the clerk to pay the fine to the board of pharmacy. The circuit court overruled the cross-motion and sustained the motion of the People, entering an order that the clerk pay the $50 to Oscar P. Bonney, State's attorney. At the request of said board, it was further ordered, that the questions involved should be certified to the Appellate Court for the Third District, in pursuance of the statute in such case made and provided and the stipulation as to facts therein filed, the People assenting thereto.

The board of pharmacy appealed from the judgment of the circuit court, and the questions involved were certified to the

Appellate Court, which, after considering the cause upon the agreed case so certified, affirmed the judgment of the circuit court.

By the stipulation of the parties it was agreed that Mr. Bonney was not the State's attorney of the county when the case was tried before the justice, nor when it was tried on appeal before the circuit court, nor when it was heard before the Appellate Court, but was such State's attorney when the remanding order from the Appellate Court was filed in the circuit court and when Nedrow dismissed his appeal from the justice; that, when the $50 was paid to the clerk, the unpaid fees due Bonney, as State's attorney, exceeded $500, and that he does not claim the $50 as payment of fees earned in said cause, but claims it should be applied in liquidation of said unpaid fees to the extent of the amount of said judgment; that, if the State's attorney should be entitled to the $50 or any part of it, the clerk shall be ordered to pay it to him; that, if the board of pharmacy should be entitled to the money or any part of it, the clerk should be ordered to pay it to the board; that either party might appeal without bond or bill of exceptions.

An appeal is taken to this court by the board of pharmacy from the judgment of the Appellate Court, the latter court certifying that the cause involves questions of law of such importance on account of principal and collateral interests, that the case should be passed upon by the Supreme Court.

The Pharmacy act was approved May 30, 1881, and went into force July 1, 1881. Its 15th section is as follows: "All suits for the recovery of the several penalties prescribed in this act shall be prosecuted in the name of the 'People of the State of Illinois' in any court having jurisdiction; and it shall be the duty of the State's attorney of the county, where such offence is committed, to prosecute all persons violating the provisions of this act upon complaint being made. All penalties collected under the provisions of this act shall inure, one-

half to the board of pharmacy, and the remainder to the school fund of the county in which the suit was prosecuted and judgment obtained."

The 82d section of the School law (Hurd's Rev. Stat. 1885, chap. 122, p. 1118,) which was in force at the time the Pharmacy act was passed and had been in force for many years prior thereto, provided, that all fines, penalties and forfeitures imposed or incurred in courts of record or before justices of the peace in this State, except those for trespasses on school lands and for violations of town and city ordinances, should be paid to the school superintendent of the county. The Pharmacy act so far changed the existing practice as to provide that the school fund should only receive the benefit of *one-half* of the penalties created by that act, while the other half should go to the board of pharmacy.

The 8th section of the act concerning "fees and salaries" (Hurd's Rev. Stat. 1885, chap. 53, p. 614,) was amended in 1883, two years after the passage of the Pharmacy act. The following words were added to that section by the amendment, which was approved June 15, 1883, and went into force July 1, 1883: "State's attorneys shall have a lien for their fees, on judgments for fines or forfeitures procured by them for their fees and earnings, until they are fully paid, and such payment shall operate as a release of the lien created by this act."

Although this amendment uses the words, "fines" and "forfeitures," and does not make use of the word, "penalties," yet there can be no doubt that the expression, "*fines or forfeitures*," is broad enough to cover and include the "penalties" referred to in the 15th section of the Pharmacy act. Bouvier, in his Law Dictionary, defines a "penalty" as "the punishment inflicted by a law for its violation;" he says: "The term is mostly applied to a *pecuniary punishment.*" He thus defines a "fine:" "*Pecuniary punishment* imposed by a lawful tribunal upon a person convicted of crime or misdemeanor. It may include a *forfeiture or penalty* recoverable in a civil action."

From these definitions it would appear that the word, "fine," and the word, "penalty," are often used interchangeably to designate the same thing. They both mean *"pecuniary punishment,"* and may, in many cases, be regarded as equivalents of each other. One of Webster's definitions of "forfeiture" is : "a fine or mulct;" and he refers to the words "fine, mulct, amercement, penalty" as being synonyms of the word "forfeiture."

It follows that State's attorneys have a lien for their fees upon judgments for the penalties named in the Pharmacy act, as well as upon judgments for other penalties, fines or forfeitures. It is made their duty by the 15th section of that act to prosecute all persons who violate its provisions. They are to conduct the suits for the recovery of the penalties, therein imposed, in the name of the People. By the 82d section of the School law they are to pay over the fines, penalties and forfeitures collected by them to the school superintendents after "retaining therefrom the fees and commissions allowed them by law." By the 8th section of the "Fees and Salaries" act, both before and after the amendment thereto of 1883, the fees and ten per cent on moneys collected, as therein provided for, are to be paid out of "any fines and forfeited recognizances collected by them." The School law and the Fees and Salaries act both recognize the policy of paying State's attorneys out of fines and penalties and their right to compensation obtained therefrom.

In line with this legislation the amendment of 1883 gives them a lien for their fees on judgments for fines and penalties, evidently referring to all such fines and penalties as it is made their duty under the law to sue for and collect. Two years before the passage of the amendment it became their duty to sue for and collect the penalties imposed by the Pharmacy act. There is no conflict between the 15th section of the Pharmacy act, passed in 1881, and the 8th section of the Fees and Salaries act, as amended in 1883. By the latter the legislature

necessarily referred to other and previous legislation in regard to fines and penalties, without specifying the particular acts, which provided for the fines and penalties intended to be designated. There is no reason for supposing that they did not have in mind as well the Pharmacy act as any other act of existing legislation, which imposed penalties and made it the duty of State's attorneys to institute prosecutions for their recovery.

There can be no good reason why the lien should not extend to the half of the penalty that is to go to the school fund. The school authorities are making no opposition to such a construction. The imposition of a lien for the fees of State's attorneys upon judgments for such penalties as are to be paid to the school fund is in harmony with the legislative policy of the State, as will appear by reference to the enactments upon this subject, which have had their place in the statute books for many years. If the half of the penalty, which belongs to the schools, is to be subjected to the lien, it will not be contended that the half, which goes to the board of pharmacy, should not also be so subjected.

It is true that, by the 11th section of the Pharmacy act, certain expenses of the board are to be paid from the fees and penalties received by it. But we can not see that there is anything in this provision which is opposed to the existence of the lien now under discussion. The reference is to the penalty received after the lien is discharged.

It appears from the stipulation that the present incumbent of the office of State's attorney did not become connected with the suit for the recovery of the penalty until it was remanded by the Appellate Court and re-docketed in the circuit court. It is therefore argued, that the recovery of the penalty was not due to his exertions and that on this account it should not be paid to him. It is not shown, however, that his predecessor in office did not do his duty in the prosecution of the case; on the contrary, it is claimed that he did appear as counsel therein.

The lien exists in favor of the officer.   As to whether the district attorney, who did the most of the work in the case, or his successor, who took it up at a late date, is entitled to the lien, is a matter to be settled between them and which does not concern the board of pharmacy.

We think that the $50 should be paid to the State's attorney to be held by him subject to his lien, and, upon the discharge thereof, to be paid by him one-half to the board of pharmacy and the other half to the school fund.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

SHOPE, J., and SHELDON, Ch. J., dissenting.