Mound City Warehouse Company, Plaintiff-Appellant,
v. Illinois Central Railroad Company, Defendant-
Appellee.

Gen. No. 64–19.

Fifth District.

August 12, 1964.

Joe Crain, of Mound City, for appellant.

John G. Holland, of Cairo, and Joseph H. Wright, Robert Mitten, and Robert S. Kirby, of Chicago, for appellee.

CROW, P. J.

This case was transferred from the Supreme Court to the Appellate Court.

The plaintiff, Mound City Warehouse Company, sued to enjoin the defendant, Illinois Central Railroad Company, from using the defendant's right of way, alleged to be land grant right of way, at Mounds, Illinois, by and through certain lessees of the defendant, to engage in business allegedly in competition with the plaintiff in warehousing and grain buying, and from discriminating against the plaintiff. The suit sought further to declare the defendant's leases of its right of way in Mounds and vicinity null and void, and sought damages of $100,000. The defendant moved to dismiss the complaint, and the Circuit Court, upon hearing, sustained the motion, dismissed the complaint, and entered a final judgment against the plaintiff and for the defendant. This appeal follows.

The defendant's motion to dismiss is as follows: (1) the Complaint fails to state a cause of action on which relief can be granted; (2) the Complaint charges that the defendant does not have corporate power to lease its lands for the purpose of a grain buying sta-

tion, a grain storage warehouse, or a commercial storage warehouse, which is without foundation as this question has already been decided by the Court decisions of this State, which affirmatively hold that the defendant has the power to utilize its lands for said purposes, and the Complaint in this regard fails to state a cause of action; and (3) the Complaint charges that the leasing of the lands of the defendant has resulted in discrimination against the plaintiff and resultant damages,—but there is no common law action in this State for alleged discrimination, the plaintiff is not relying on any Statute because no Statute is pleaded, the plaintiff's sole remedy is an action before either the Illinois Commerce Commission or the Interstate Commerce Commission, and the Complaint in this regard fails to state a cause of action.

The complaint alleges, in substance, that the plaintiff is an Illinois corporation, licensed and bonded as a public warehouse, engaged in the business of storage in transit warehousing at Mound City, Pulaski County, Illinois, and engaged in the business of buying and storing soybeans and other grain at its warehouse in Mound City; its railroad business at Mound City is handled by the defendant Railroad and the revenue obtained by the defendant averaged $100,000 annually at its Mound City station, practically all of which was derived from business with the plaintiff; the defendant Railroad is an Illinois corporation chartered by an act of the Legislature on February 10, 1851 as a railroad corporation by which charter it was given about seven hundred miles of right of way, 200 feet wide, and about 2,495,000 acres of land to build and operate a railroad; section 15 of the act of incorporation contains the following: "The right of way over and through lands owned by the State is hereby ceded

and granted to said corporation for the only and sole purpose of surveying, locating, constructing, completing, altering, maintaining and operating said road and branches, as is in this act provided"; by its charter. that right-of-way was exempted from real estate taxes; the right-of-way extended through Pulaski County, and through what is now Mounds; the defendant afterwards acquired a branch railroad from Mounds to Mound City and by lease acquired the right to service all points in Mound City, including the warehouses of the plaintiff; the defendant has long desired to close its agency at Mound City and has attempted to do so but could not; the defendant knew it could not legally operate a grain buying station, or grain storage warehouse, or commercial warehouse on its right-of-way in Mounds, and could not legally lease it for others to operate; the defendant knew the plaintiff was engaged in its business and that the leasing of its right-of-way in Mounds for a grain buying station would illegally discriminate against the plaintiff; the defendant knew that the leasing of its right-of-way for the storage of grain and for storage in transit warehousing in Mounds would illegally discriminate against the plaintiff; and the defendant knowingly and wilfully and illegally entered into a series of leases of its right-of-way in Mounds to establish a grain buying station, a grain warehouse, and two commercial, or storage in transit warehouses, and thereafter operated its railroad to unjustly discriminate against the plaintiff, as a result of which leasing and discrimination the plaintiff has been damaged in excess of $100,000, and will continue to be damaged as long as the practice shall continue.

A large part of the briefs of the plaintiff and defendant are devoted to a discussion of the questions of the corporate power of the defendant Railroad to enter into leases of its property for warehousing pur-

poses, and the sufficiency of the title of the railroad to enter into such transactions.

As heretofore noted, the defendant's motion to dismiss raises the question as to the sufficiency of the complaint,—whether or not the plaintiff has failed to state a cause of action upon which relief can be granted. The Trial Court did not file a memorandum opinion as to the reasons for its decision, and any matter raised by the motion and argued here, if found by us to be sound, may be determinative of the correctness of the judgment.

The plaintiff's theory is that the leases entered into by the defendant were in violation of section 15 of the Illinois Central Railroad Company Charter Act, were in violation of section 12 of Article 11 of the Illinois Constitution, were in violation of the general charter powers of the defendant in the operation of its charter line, and were in violation of the defendant's own construction of section 15 of its Charter Act. Such leasing, therefore, was unlawful, under the plaintiff's theory, and it being alleged that the defendant knew that the execution of the leases would damage the plaintiff, and had damaged the plaintiff, the plaintiff was therefore entitled to an injunction as prayed, and the trial court should have overruled defendant's motion to dismiss and ordered the defendant to plead.

The defendant's theory is it owns in fee simple the real estate concerned and it has corporate power to lease such for the warehouses involved, and a stranger to the title, such as this plaintiff, cannot question the defendant's title.

Neither the plaintiff's brief or its reply brief make mention of the particular issue raised by the defendant's motion as to whether the plaintiff's complaint states a cause of action,—in particular whether this plaintiff under the allegations of this Complaint is entitled to the relief prayed or is in a position to re-

107

quest such. The defendant argues this issue, and in our opinion the Trial Court properly dismissed the complaint and cause of action on this ground alone.

The plaintiff is a third party, having no legal interest in the defendant, Illinois Central Railroad Company and is a stranger to the title of the railroad and the subject matter involved. The plaintiff's claim rests, at best, upon the defendant's alleged noncompliance with or violation of a statutory charter condition, that is, that the Railroad by accepting title to the right-of-way concerned under its charter act could not apply the right-of-way to any other use or purpose than such as is necessary for the operation and maintenance of its Railroad, and that the leases complained of were not necessary for the operation and maintenance of the Railroad. Representative of the cases the plaintiff cites are: Illinois Cent. R. Co. v. City of Chicago (1892) 141 Ill 509, 30 NE 1036; In the Matter of Swigert (1886) 119 Ill 83, 6 NE 469; Illinois Cent. R. Co. v. Irvin (1874) 72 Ill 452.

The acts charged against the defendant are, in substance, alleged to be ultra vires acts. But even if a conveyance, by deed (or lease), may be beyond the corporate powers of a corporation, the law does not permit third persons having no interest in the corporation or its trust to dispute the validity of its conveyance. The alleged ultra vires acts of a corporation may be objected to by the State, by the Corporation itself, or by the persons with whom the allegedly ultra vires transactions are had, but not by third parties such as this plaintiff having no interest in the subject matter. Railroad corporations have power under certain circumstances to make sales and conveyances of real and personal property, and whether any particular transaction is or is not in excess of such power is a question which concerns only the corporation itself, the State, or those persons having some particular

108

interest or title in the corporation or the property or subject matter involved. Where a corporation has power to hold real estate under any circumstances or for any purpose, its title cannot be questioned by any person except the State. There is no difference in principle whether the alleged excess of power is in purchasing, or in selling (or leasing). The corporation having the power in such cases to sell and convey (or lease) property, the question whether it exceeded its power is for the State, only: Golconda, N. Ry. v. Gulf Lines Connecting R. of Illinois (1914) 265 Ill 194, 106 NE 818; Cf. Dearborn Truck Co. v. Staver Motor Car Co. (1920) 219 Ill App 295; Adelman v. Carson, Pirie, Scott & Co. (1928), 247 Ill App 574. The only injury of which the plaintiff can complain in a judicial tribunal is an invasion of some legal or equitable right. The leases of its right of way by the defendant Railroad, which the plaintiff claims were beyond the charter powers of the Railroad, were not an invasion of any legal or equitable right of the plaintiff. The plaintiff has no such interest as entitled it to enjoin the defendant from leasing its property in question. The equitable right claimed herein is that the defendant knowingly entered into a series of leases establishing a grain buying station, grain warehouse, etc., which operated unjustly to discriminate against the plaintiff. But the plaintiff cites no authority to support a common law or equitable cause of action for injunction and damages arising out of such alleged discrimination, and we know of none. The General Assembly has vested the Illinois Commerce Commission with general supervision of all public utilities, including railroads,—the statute creating the Commission covered the entire subject of public utilities and is complete in itself: Atchison T. & S. F. Ry. Co. v. Illinois Commerce Commission (1947), 397 Ill 406, 74 NE2d 885; the Public Utilities Act

109

supersedes the common law liability of the carrier so far as alleged unreasonable discrimination is concerned: Cf. Terminal R. Ass'n v. Public Utilities Commission (1922) 304 Ill 312, 136 NE 797.

The plaintiff, not having any legal or equitable right invaded, and not being in a position to complain of any alleged ultra vires act of the defendant, has not stated a cause of action.

It is not necessary to pass upon other points raised. The judgment is correct and is affirmed.

Affirmed.

SMITH and SPIVEY, JJ., concur.