**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation, Plaintiff,**

v.

**McCLURE QUARRIES, INC., et al., Defendants.**

**No. P–CIV–73–69.**

United States District Court,
S. D. Illinois, N. D.

June 13, 1974.

---

3. 408 U.S. at 593 (C. J. Burger, concurring).

Gary L. Griffin, Dent, Hampton & McNeela, Chicago, Ill., Eugene R. Johnson, Westervelt, Johnson, Nicoll & Keller, Peoria, Ill., for plaintiff.

Pearson R. Crosby and Robert W. Deffenbaugh, Drach, Terrell & Deffenbaugh, Springfield, Ill., Burrel Barash, Barash & Stoerzbach, Galesburg, Ill., for defendants.

## DECISION AND ORDERS ON MOTION

ROBERT D. MORGAN, Chief Judge.

This is a suit by plaintiff, Fidelity, upon certain indemnity agreements alleged to have been executed by the defendant, McClure Quarries, Inc., and others.

From the file it appears that D. E. Lynch, Jr., hereinafter Lynch, and R. J. Shanks, hereinafter Shanks, were the president and secretary, respectively, of the defendant, McClure, an Illinois corporation, of Clark Brothers, Inc., hereinafter Clark, and of D. E. Lynch and R. J. Shanks Construction Co., hereinafter Lynch Company. As its name implies, McClure was engaged in the business of quarrying. Both Lynch Company and Clark were engaged in contracting highway construction projects.

The complaint alleges that in 1965 agreements executed for McClure, by Lynch and Shanks, as its executive officers, and by others, were delivered to plaintiff, under which McClure and others agreed to indemnify plaintiff against losses sustained by it by reason of its issuance of performance bonds upon projects contracted by Clark and Lynch Company.

The complaint further alleges that in 1969 Clark entered into a contract with the State of Illinois for certain highway construction in Warren County, Illinois; and that in 1970 a joint venture composed of Clark and Lynch Company entered into two separate contracts with said state for highway construction in Fulton County, Illinois; that, in reliance upon the indemnity agreements aforesaid, plaintiff issued its several performance bonds in favor of said state, to guarantee the performance by Clark and/or Lynch Company of those three contracts; that said contractors defaulted on each of said contracts, and that plaintiff was required to incur the expense of completion of said several contracts and/or of payments for materials and labor upon which Clark and Lynch Company had defaulted; and that Mc-

Clure, among others, is obligated under said indemnity agreement to indemnify plaintiff for such losses, its attorney's fees, and for other costs and expenses incurred in the premises.

Defendant, McClure, answered the complaint, inter alia, generally denying its liability. It also averred three further defenses to the claim, grounded, in substance, upon the lack of corporate authority to enter into the indemnity agreements, the lack of authority of Lynch and Shanks to sign the agreements on behalf of McClure, and the averments that Shanks and Lynch had, without authority, falsified McClure's records and executed the said agreements for the purpose of furthering their own personal ends. It appears that at the time when such agreements were executed, McClure was a closed corporation, in which Lynch, Shanks, and one Norris A. Nelson, together with his wife, each owned a one-third interest.

The cause is now before the court upon plaintiff's motion to strike the latter three defenses which are related to want of authority and imputed personal conflict as to Lynch and Shanks. Plaintiff's motion is grounded upon the contention that each of such defenses is insufficient as a matter of law. In support of that position, it asserts that each of those defenses is based upon the premises that Lynch and Shanks, as officers and agents of McClure, had no actual authority to execute the indemnity agreement, that the agreement was outside the scope of McClure's corporate powers, and that the alleged indemnity agreements are ultra vires acts. Plaintiff relies upon the provisions of the Illinois Statute, which abolishes the defense of ultra vires, with certain exceptions which are not here applicable. Ill.Rev. Stat.1973, c. 32, § 157.8.[1]

Factually, to support its motion, plaintiff relies upon the pleadings, certain answers to interrogatories filed by McClure, and the affidavit of one Richard C. Mucha, formerly an agent of plaintiff.

The court is convinced that plaintiff's contention is meritorious and that the motion to strike must be allowed. That conviction rests upon the pleadings and the answers to interrogatories only.[2]

The complaint alleges that McClure did execute the agreements to indemnify the plaintiff for certain defined losses; that plaintiff did rely upon them and was thereby induced to execute the performance bonds here involved; and that

1. "No act of a corporation * * * shall be invalid by reason of the fact that the corporation was without capacity or power to do such act * * *, but such lack of capacity or power may be asserted:

"(a) In a proceeding by a shareholder against the corporation to enjoin the doing of any act or acts * * *. If the unauthorized acts * * * sought to be enjoined are being, or are to be, performed or made pursuant to any contract to which the corporation is a party, the court may, if all of the parties to the contract are parties to the proceeding and if it deems the same to be equitable, set aside and enjoin the performance of such contract, and in so doing shall allow to the corporation or the other parties, as the case may be, compensation for the loss of damage sustained by either of them which may result from the action of the court in setting aside and enjoining the performance of such contract, but anticipated profits to be derived from the performance of the contract shall not be awarded by the court as a loss or damage sustained.

"(b) In a proceeding by the corporation, whether acting directly or through a receiver, trustee, or other legal representative, or through shareholders in a representative suit, against the officers or directors of the corporation for exceeding their authority.

"(c) In a proceeding by the State, as provided in this Act, to dissolve the corporation, or in a proceeding by the State to enjoin the corporation from the transaction of unauthorized business."

2. While there is no reason to discredit the affidavit of Mucha, to the effect that representations were made to Fidelity, through Mucha, to obtain its reliance on the indemnity agreements, it is preferable, upon this motion, to restrict consideration of the issue involved to factual allegations made in, and exhibits to, the complaint and representations made by McClure in its answers to interrogatories.

plaintiff did suffer losses of the character defined in the indemnity agreements. Copies of those agreements are attached as exhibits to the complaint. Any doubt that each of the three defenses in question rests only upon the defense of ultra vires is dispelled by the answers to interrogatories; in effect, that McClure lacked the corporate authority to enter into the agreements, and that Lynch and Shanks, as McClure's officers, were without actual authority to execute them.[3]

The Illinois Statute recognized a commercial fact of life; namely, that a person who deals with agents of a corporation, who have been vested with apparent authority to act for that corporation, should be protected against loss in the event that the agent does, in fact, exceed his apparent authority in his dealings with such person. Indeed, the statute merely codified a prior existing rule of case law that ultra vires could not be pleaded in a case involving private litigants, not the state, "when it does not advance justice but on the contrary would accomplish a legal wrong if allowed." Harmony Way Bridge Co. v. Leathers, 353 Ill. 378, 394, 187 N.E. 432, 439 (1933); Kadish v. Garden City Equitable Loan and Building Ass'n., 151 Ill. 531, 537, 38 N.E. 236 (1894). As Judge Poos accurately stated in Puerto Rico Indus. Development Co. v. J. H. Miller Mfg. Corp., 173 F.Supp. 596, 599–600 (S.D.Ill.1959), the defense of ultra vires is not available as against a party who alleges injury by his reliance upon the actions of a corporate agent who was apparently vested with authority to obligate his corporation.

The cases cited by McClure are not persuasive upon the issue before the court. Principally, McClure relies upon "great depression" cases involving corporate officers who, with full knowledge of the several lending agencies involved, sought to pledge corporate assets for their own personal benefit. I.e., Rothschild v. Sears, Roebuck & Co., 282 Ill. App. 380 (1935); Culhane v. Swords Co., 281 Ill.App. 185, 200–201 (1935); Dorsey & Co. v. Central Republic Trust Co., 277 Ill.App. 126, 137–139 (1934). None of these cases arose under the statute. Mound City Warehouse Co. v. Illinois Central R. Co., 51 Ill.App.2d 103, 200 N.E.2d 919 (1964), was a suit by a stranger to a contract to enjoin a lease agreement between the railroad and a competitor of the plaintiff, upon the theory that the railroad, under its constitutional charter, lacked corporate authority to enter into the agreement. The case held only that a party who had no pecuniary interest in a contract had no standing to contest that contract upon an ultra vires theory. It is obvious that the language upon which McClure relies, to the effect that only the state, or the corporation, or parties to the agreement, had any standing to question its validity is a reference to the statutory exceptions. Though the court made no reference to the Illinois statute, the first two categories, namely, the state and the corporation, are in line with exceptions contained in the statute. The third category is consistent with the statute only with reference to possible litigation involving recision or enforcement of wholly executory contracts upon the ground of want of authority.

3. In answer to plaintiff's interrogatories numbered 17, 18 and 19, McClure, through its Secretary, stated in summary:

(a) That it was beyond the corporate authority of McClure to enter into indemnity agreements related to matters which did not concern the business of McClure;

(b) That no indemnity agreement which would obligate McClure could be executed without a resolution of its Board of Directors authorizing such an agreement;

(c) That neither Lynch nor Shanks caused any resolution related to indemnity agreements to be presented to, and adopted by, the Board of Directors of McClure; and

(d) That the corporate minutes of McClure do not contain any resolution of the Board of Directors upon that subject matter.

The pleas of ultra vires are insufficient as a matter of law. Both affected parties have filed memoranda related to this motion, and it appears to the court to be in the interest of justice to act upon the motion without oral hearing, pursuant to Local Rule 12(b).

It is ordered, therefore, that the motion of plaintiff is allowed, and that the second, third and fourth defenses of McClure are stricken.

It is further ordered that the said defendant may file any amended pleading to the complaint which is consistent with the views expressed here within ten (10) days after the date hereof.