ILLINOIS RACING BOARD, Petitioner-Appellant, *v.* EVERETT HAMMOND *et al.*, Respondents-Appellees.

First District (5th Division)    No. 76-861

Opinion filed December 30, 1977.

William J. Scott, Attorney General, of Chicago (Paul V. Esposito, Assistant Attorney General, of counsel), for appellant.

Joseph A. Lamendella and Paul J. Petit, both of Chicago (Schippers, Betar, Lamendella & O'Brien, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Petitioner appeals from an order of the circuit court which denied its petition to enforce six subpoenas served on respondents. Four issues are presented for our consideration: whether petitioner complied with all applicable procedural requirements with respect to the issuance of subpoenas; whether petitioner has power to issue subpoenas in the course of an inquiry into violations of the Horse Racing Act (Ill. Rev. Stat. 1973, ch. 8, par. 37a *et seq.*) and petitioner's rules; whether respondents consented to honor petitioner's written request for the production of respondents' books, records, documents and other information; and whether respondents failed to properly present constitutional challenges to the issuance of the subpoenas. We affirm the order of the circuit court.

The petition for an order requiring respondents to obey subpoenas, filed on February 23, 1976, alleged in substance that during the last week of December 1975, the laboratory of petitioner reported finding a prohibited drug (thiosalicylic acid) in the urine specimens of four horses which raced at Cahokia Downs Race Track during the 1975 thoroughbred season. These reports were received after the close of the thoroughbred season. The State stewards were no longer in the State. On December 31, 1975, petitioner caused to be issued subpoenas—subpoenas duces tecum upon respondents commanding them to produce enumerated items. Respondents are owners or trainers of the horses in which the prohibited drug was found. On January 17, 1976, petitioner held a meeting and unanimously authorized its counsel and secretary to carry out a thorough investigation of these cases and to take the oral testimony of the persons involved. On January 26, 1976, counsel for respondents appeared before petitioner and stated that respondents would not comply with the subpoenas. The petition was signed by William J. Scott, Attorney General of Illinois and verified by petitioner's legal counsel, Jewel N. Klein, who stated on oath that she was familiar with the facts and that the facts were true.

On March 3, 1976, respondents moved to dismiss the petition on four grounds: (1) the subpoenas violated respondents' constitutional rights of due process and equal protection; (2) the subpoenas were invalid because petitioner did not have statutory authority to depose witnesses except during a pending hearing and the subpoenas were issued pursuant to an order of petitioner authorizing the taking of depositions at a time when no hearing was pending; (3) the subpoenas were not issued and served in accordance with Supreme Court Rule 204(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 204(a)); and (4) the petition for an order requiring respondents to obey a subpoena issued by petitioner was not certified as required by section 3.3 of the Illinois Horce Racing Act (Ill. Rev. Stat. 1973, ch. 8, par. 37c—4). On April 9, 1976, the trial court entered an order denying the petition to enforce the subpoenas.

OPINION

I

■ The order of the circuit court did not contain any specific findings of fact, nor did it indicate the specific grounds upon which the court based its ruling. However, on review, the order may be affirmed on any sound basis found in the record, regardless of what led the trial court to its conclusion. *Morse v. Nelson* (1977), 48 Ill. App. 3d 895, 363 N.E.2d 167; *Bauscher v. City of Freeport* (1968), 103 Ill. App. 2d 372, 243 N.E.2d 650; *Mound City Warehouse Co. v. Illinois Central R.R. Co.* (1964), 51 Ill. App. 2d 103, 200 N.E.2d 919.

Although petitioner presents several issues for our review we only need to consider the threshold issue of whether petitioner's alleged failure to comply with procedural prerequisites rendered the subpoenas unenforceable. The resolution of that issue is dispositive of the appeal. We believe that the order denying the petition to enforce subpoenas should be affirmed because the record in this case clearly supports the conclusion that the petition did not comply with section 3.3 of the Illinois Horse Racing Act (Ill. Rev. Stat. 1973, ch. 8, par. 37c—4).

The portion of the statute applicable here (Ill. Rev. Stat. 1973, ch. 8, par. 37c—4), provides in pertinent part:

"Every member of the said Board shall have the power to administer oaths, and affirmations, certify to all official acts, issue subpoenas, compel the attendance and testimony of witnesses and the production of papers, books, accounts, and documents. Any person who shall be served with a subpoena to appear and testify, or to produce books, papers, accounts or documents issued by the Board or any member thereof, in the course of an inquiry or hearing conducted under the provisions of this Act, and who shall

refuse and neglect to appear or to testify, or to produce books, papers, accounts and documents relative to said hearings as commanded in such subpoenas, may be punished by the Circuit Court in the County where the offense is committed in the same manner as the Circuit Court may punish such refusal or neglect in a case filed in said court. *The Board shall certify such failure or refusal to appear or to produce to the Circuit Court of the County where said offense is committed.*" (Emphasis added.)

■■ ■ This specific provision of the statute has not heretofore been construed in Illinois. Of primary importance in this case is the emphasized sentence of the paragraph set out above. Its intent is clear and unambiguous that certification be made by petitioner, as an official act of that administrative body. Where the wording of a statute is clear and unambiguous there is no need of construction to ascertain its meaning. (*Shanahan v. Policemen's Annuity & Benefit Fund* (1976), 43 Ill. App. 3d 543, 357 N.E.2d 582; *Nordine v. Illinois Power Co.* (1965), 32 Ill. 2d 421, 206 N.E.2d 709; *People ex rel. Nelson v. Olympic Hotel Building Corp.* (1950), 405 Ill. 440, 91 N.E.2d 597.) In the case at bar, the relevant language seems plain and distinctly indicates that the legislature mandated that certification be made by the Board or a member thereof. The petition, signed by William J. Scott, Attorney General of Illinois, was not certified by the Board or any member thereof.

Petitioner argues that the affidavit of Jewel Klein, counsel for petitioner, is within the spirit of the statutory certification requirement, since the obvious purpose of certification is merely to require official attestation to the facts set forth in the petition. Furthermore, petitioner maintains that the letter of the law should not be followed to the derogation of its spirit. (See *City of Chicago v. James E. Mulligan Enterprises, Inc.* (1960), 27 Ill. App. 2d 481, 170 N.E.2d 13.) In the instant case, we find no conflict between the spirit of the statute and its letter; thus, there is no occasion for the spirit to control over the letter. *Inskip v. Board of Trustees* (1962), 26 Ill. 2d 501, 187 N.E.2d 201.

## II

■■ Because we have concluded that the petition lacked certification by petitioner or a member thereof and that therefore the petition did not comply with section 3.3 of the Illinois Horse Racing Act (Ill. Rev. Stat. 1973, ch. 8, par. 37c—4), we find it unnecessary to consider the additional issues presented. A reviewing court is not required to consider contentions which are not essential to the determination of the case at hand. *Yale Development Co. v. Andermann* (1976), 37 Ill. App. 3d 33, 344 N.E.2d 701.

For the foregoing reasons, the order of the circuit court of Cook County denying the petition to enforce subpoenas is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.