EDWIN SCHUMPP *et al.*, Plaintiffs-Appellants, *v.* THE ILLINOIS RACING BOARD *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 78-815

Opinion filed June 20, 1979.

Thomas J. Cisar and Dominic H. Frinzi, both of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Moshe Jacobius, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs Edwin Schumpp, Timothy Doyle, and D. Boyles appeal from a judgment of the circuit court which affirmed a decision of the defendant Illinois Racing Board. The Board's decision affirmed certain rulings of the stewards. The rulings ordered forfeitures of purse monies won by plaintiffs' horses because a drug stimulant was detected in the post-race urine specimens of the horses. Plaintiffs contend that the Board's failure to grant them a timely hearing on their appeal to the Board rendered the forfeiture orders invalid. We affirm the judgment of the circuit court.

On November 13, 1976, the plaintiffs gave the stewards their notices of appeal which sought Board review of the stewards' rulings. The stewards

gave the notices of appeal to the State Director of Mutuals for delivery to the Board's office in Chicago. The notices of appeal were misplaced and they were not discovered until December 2, 1976. As soon as the notices of appeal were found, the plaintiffs were notified that the Board had received them. Counsel for the Board and counsel for the plaintiffs subsequently stipulated to the facts that were to be presented to the Board; they also agreed to a hearing date for the appeals.

On January 21, 1977, the Board held the hearing on the appeals. The Board adopted the stipulation of facts presented by the parties and heard arguments of counsel. On that same day, the Board entered an order affirming the stewards' ruling that the particular purses won by the plaintiffs be forfeited and redistributed. The sole issue presented by the plaintiffs is whether the Board's decision is a nullity because the Board did not grant the plaintiffs a hearing within seven days from receipt of the notices of appeal as required, according to the plaintiffs, by statute and the Board's own rules.

■■ ■ The plaintiffs initially contend that the seven day period is an absolute requirement pursuant to section 37—16 of the Illinois Racing Act (Ill. Rev. Stat. 1977, ch. 8, par. 37—16) and Harness Rule 2.11 of the Rules and Regulations of the Board. We disagree. Section 37—16 of the Act states that when the stewards *suspend* an occupation license, the person affected may request an appeal and shall be accorded a hearing within seven days after the request has been received by the Board. The relevant language of Harness Rule 2.11 makes the same provision. No more than a reading of the statute and rule is necessary to conclude that they are inapposite to this case. The plaintiffs' racing licenses were not suspended; rather their purse winnings for certain races were ordered forfeited. There is obviously a vast difference between the suspension of one's license and forfeiture of the winnings from a particular race. Since the language of the statute and rule is clear and unambiguous, there is no need for construction to ascertain its meaning. (*Illinois Racing Board v. Hammond* (1977), 56 Ill. App. 3d 609, 612, 371 N.E.2d 1189, 1191.) It follows, then, that the statute and rule did not require that the Board hold a hearing on the plaintiffs' notices of appeal within seven days after receipt.

The plaintiffs next contend that since Harness Rules 3.02 and 3.07, when read together, require that the Board hold a hearing within seven days after receiving a notice of appeal from a license suspension, revocation, or a fine, it would be illogical to apply a different procedural standard for appeals from orders requiring a forfeiture of the money won from a particular race. We do not agree.

There is a readily apparent basis for affording a different procedural treatment for an appeal from a license suspension, revocation, or fine as opposed to an appeal from an order forfeiting the money won from a

particular race. In the case of license suspension or revocation, there is obviously a potential for immediate irreparable harm; a fine may cause a depletion of one's operating capital or a disruption of allocated funds while an appeal is pending. However, in a case involving only the forfeiture of the winnings from a particular race, there is no such potential for any irreparable injury or loss of existing operational capital pending the appeal. To illustrate, in the present case, the plaintiffs candidly state in their briefs that they were not injured by the Board's failure to conduct a hearing within seven days after their notices of appeal were received by the Board; the plaintiffs were paid the money won from the races and had the benefit of the usage of the money pending the outcome of this litigation. Also, we note that the Board's action does not affect plaintiffs' licenses to race, or deprive them of other opportunities in the horse racing field. *Cf. Edelberg v. Illinois Racing Board* (7th Cir. 1976), 540 F.2d 279, 285.

■■ The plaintiffs' next argument also refers to Harness Rules 3.02 and 3.07. Rule 3.02 lists five different penalties which may be imposed for violation of the Harness Rules. Rule 3.07 provides that any monetary fine imposed under the rules may be appealed to the Board in the same manner as set forth in Rule 2.11. Under Rule 2.11, the Board must hold a hearing on an appeal within seven days after it receives the notice of appeal. The plaintiffs contend that forfeiture of the money won from a race comes within the meaning of a monetary fine under Rule 3.07.

We disagree with plaintiffs' contention because Rule 3.02 expressly distinguishes between fines and forfeitures and states them as separate penalties. Rule 3.07, which must be read in conjunction with 3.02, expressly specifies fine. It does not use the term forfeiture. If the Board, in making its rules, had intended forfeitures to come within Rule 3.07, it could have expressly done so. Since the Board did not include the term forfeiture in Rule 3.07, it has demonstrated a clear intention not to have the rule apply to forfeitures. We see no need to usurp the power of the Board.

We have examined *People v. Nedrow* (1887), 122 Ill. 363, 13 N.E. 533, which is relied upon by the plaintiff. In *Nedrow*, the court concluded that the words "fines or forfeitures" as used in section 8 of the Fees and Salaries Act of 1885 were broad enough in meaning to include "penalties" referred to in section 15 of the Pharmacy Act of 1885. As a result, the court held that the State's attorney had a lien for his fee, in accordance with the Fees and Salaries Act, on the penalty provided under the Pharmacy Act. The *Nedrow* case involves statutory construction of different words used in different statutes, whereas the present case involves clear and unambiguous language of one statute and rules promulgated pursuant to the statute. In the present case, there is simply no reason for such statutory construction. Consequently, the *Nedrow* case is inapposite.

For the reasons stated, the Board was not required, either by statute or

by the Harness Rules, to accord the plaintiffs a hearing within seven days after it received the plaintiffs' notices of appeal. The Board's decision affirming the stewards' orders of forfeiture is, therefore, not a nullity. The judgment of the circuit court which affirmed the decision of the Board is affirmed.

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.