MARGARET GORMAN LAKE, Plaintiff-Appellant, v. WENDY K. BERTRAND, Defendant-Appellee.

Third District   No. 3—90—0641

Opinion filed July 2, 1991.

Adriene W. Albrecht, of Sacks & Albrecht, of Kankakee, for appellant.

Daniel P. Slayden, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Joliet, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Margaret Gorman Lake brought suit for personal injuries resulting from an automobile collision with defendant Wendy K. Bertrand. The cause was tried by a jury which returned a verdict for defendant. The trial court entered judgment accordingly and subsequently denied plaintiff's post-trial motion for judgment notwithstanding the verdict. Plaintiff brought a timely appeal. We affirm.

The facts are largely undisputed. Plaintiff was returning to her Manteno, Illinois, home from a shopping trip in Kankakee around three o'clock p.m. on October 19, 1986. She was driving north along Convent Road, a four-lane highway, in the left-hand lane and was

about a block past the intersection with State Route 102 when she noticed that the traffic ahead of her was stopped. Plaintiff pulled to a stop, and a few moments later was rear-ended by defendant's vehicle.

According to defendant, she was proceeding north along Convent Road in the left-hand lane just past the intersection with Route 102 where the road makes a curve and driving about 25 miles per hour, when a red Fiero switched into her lane in front of her from the right. The Fiero then quickly switched back into the right-hand lane. At that point, defendant first saw plaintiff's station wagon about 25 feet ahead. Defendant applied the brakes, skidded, and collided with the rear of plaintiff's car. Plaintiff and defendant had a brief conversation and checked on damage to their vehicles, exchanged insurance information and made arrangements to report the accident to the police.

The parties' testimony relative to their conversation immediately following the collision was in conflict. According to plaintiff, defendant left her car first and came to plaintiff. She commented on the fact that plaintiff had been wearing her seat belt and asked if plaintiff was hurt. Plaintiff said she didn't think so and that she was sorry the accident had happened because she had children defendant's age and knew how upsetting such an incident could be.

According to defendant, it was plaintiff who left her car first and came over to defendant to inquire if she was all right. Defendant testified that plaintiff told her not to worry about it, it was not defendant's fault. They both stated that they were okay, just shaken up. Together they checked for damage to the vehicles. Defendant said they could see no damage to plaintiff's car, but that defendant's car had a broken headlight and a small dent to the right front corner. Defendant further testified that she pleaded guilty to a traffic citation so that she could receive a sentence of court supervision and the ticket would not go on her record.

With regard to injuries, plaintiff testified that her back began to bother her the day after the accident. She initially took aspirin and pain relievers, but eventually, on October 28, 1986, arranged to see a chiropractor. She temporarily discontinued chiropractic treatments during a visit to her son in Arizona. Plaintiff believed that the climate and her use of a hot tub there gave her relief. After she returned to Illinois, plaintiff had to undergo a hysterectomy. The back pain worsened after that. Then, in 1987, plaintiff began acupuncture treatments. Plaintiff testified that they gave relief for several weeks at a time, but were both expensive and painful when

given. Plaintiff discontinued chiropractic treatments in March 1988. In December 1988, plaintiff discontinued the acupuncture treatments. Thereafter, and at the time of trial, plaintiff used pain medications like Flexeril and Naprosyn prescribed by her internist, but testified that she still suffers from back pain.

Drs. Stam, Lee, and Alford, plaintiff's chiropractor, acupuncturist and internist, respectively, corroborated plaintiff's testimony respecting their treatment of plaintiff for back pain following the accident. Dr. Lee testified that he had taken an X ray of plaintiff's spine which disclosed some osteoporosis with minor degenerative change. All of the doctors agreed, however, that back pain is a primarily subjective complaint. Plaintiff introduced into evidence Dr. Stam's bill for chiropractic services showing an unpaid balance of $357 and testimony that $296 of Dr. Lee's charges had not been paid.

A photograph of the back of plaintiff's car taken after the accident and introduced into evidence by defendant does not disclose any damage, although plaintiff testified that a seal under the rear door was cracked and the bumper was bent as a result of the collision. These damages, plaintiff explained, were not visible on the exhibit because of the angle from which the photograph had been shot.

Defendant defended this cause on theories that either she was not negligent or that plaintiff did not sustain any injuries. By its verdict, the jury found in defendant's favor on either or both theories.

■ The parties agree that the standard of review for this appeal, is as stated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14:

"[V]erdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

In this case, despite the plaintiff's consistent testimony of back pain, the evidence viewed in its aspects most favorable to defendant does not so overwhelmingly favor plaintiff that the jury's verdict for defendant could never stand. Of particular damage to plaintiff's case was the testimony that plaintiff did not complain of any injury at the scene of the accident and the photograph of her car which failed to demonstrate any damage. Also of significance is the fact that plaintiff did not seek medical attention for more than a week

after the accident. Most importantly, none of plaintiff's doctors could testify from his objective observations that plaintiff's back pain was caused by trauma from the October 19, 1986, accident. Other testimony indicated that plaintiff's pain may have resulted from causes unrelated to the accident. Plaintiff testified that she has suffered from arthritis since before the accident and that a hysterectomy was performed several months after the accident. After that operation, the pain in plaintiff's lower back worsened. Finally, there was medical testimony that plaintiff suffered from osteoporosis, a naturally occurring degenerative process, in her spine. Based on this evidence, and given the subjective nature of the claimed injury, the jury could have determined that plaintiff's problem with her back was merely coincidental with the accident and not a consequence of it.

■ Because one permissible inference from the evidence—*i.e.*, that plaintiff was not injured in the accident—supports the jury's verdict against plaintiff, we need not address plaintiff's contention that defendant's alternate defense theory of nonnegligence was contrary to the evidence. (See *Illinois Racing Board v. Hammond* (1977), 56 Ill. App. 3d 609, 611, 371 N.E.2d 1189, 1191 (In context of pretrial discovery order denying petition to enforce subpoenas, the appellate court noted that "on review, the [court's] order may be affirmed on any sound basis found in the record, regardless of what led the trial court to its conclusion").) We conclude that the trial court did not err in denying plaintiff's post-trial motion for judgment notwithstanding the verdict.

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

STOUDER, P.J., and McCUSKEY, J., concur.