20138. THE CHURCH OF GOD OF THE UNION ASSEMBLY, INC., *et al.* v. CARMICAL.

CANDLER, Justice. H. D. Carmical instituted this litigation against the Church of God of the Union Assembly, Inc.; C. T. Pratt, its moderator; Jesse Pratt, its minister; and five other named persons, as its agents and employees. Paragraphs 11, 12, and 13 of the petition allege that the defendant church was incorporated in the Superior Court of Whitfield County under the provisions of Chapter 22-4 of the Code of Georgia;

that it was on October 18, 1950, reincorporated in the same county under the provisions of Code (Ann.) §§ 22-1881 and 22-1883 of the Code of Georgia; that it was incorporated as a church "to promote the interest of religion and the cause of Christ on earth"; that it is, contrary to the law under which it was incorporated and contrary to its charter powers, carrying on the worldly business of buying and selling various articles of merchandise at auction; and that its auction business is being conducted in competition with a like business which the plaintiff conducts. His petition also alleges that, on or about February 25, 1957, he purchased from the defendant church all of the property it used in connection with an auction business it conducted in this and other states under the name of the Dalton Auction Company, a business he had conducted for it during the two years immediately prior to the date of his purchase. Among the items of property so purchased by him were a tent and various articles of merchandise. The tent was erected on a rented lot near Gainesville, Georgia, and was used by him as a facility for auction sales. A part of the merchandise was stored in a leased building near Athens, Georgia, from which auction sales were also made by him. The defendants on different dates wrongfully took possession of his tent, of the leased premises, and of his merchandise and are illegally withholding possession of the same and are disposing of his merchandise by auction sales. These acts are being jointly committed by the defendants for the purpose of "harrassing" him in the orderly management and operation of his auction business. Besides for process, rule nisi and service, the prayers are for: (1) a judgment for $400 as the value of his tent which the defendants converted, (2) a judgment for $390.20 as the value of his merchandise which the defendants had disposed of by sale, (3) an injunction to prevent the defendants from committing further acts of interference with the peaceful and orderly conduct of his auction business, and (4) an injunction to prevent the defendant church from engaging in an auction business in competition with private enterprise contrary to the laws of Georgia and the authority granted in its corporate charter. The defendants demurred to and moved to strike paragraphs 11, 12, and 13 of the petition, which sought an injunction to prevent the defendant church from engaging in an auction business, on the ground that it does not appear from those

allegations or elsewhere in the petition that the plaintiff is a member of the defendant church or has any other connection with it, and in the absence of such an allegation he has no right to complain of its ultra vires acts, even though they may offer competition to the auction business being carried on by the plaintiff. The demurrer was overruled and there is an exception to that judgment.

Answering the petition, the defendants admitted that they had taken possession of the plaintiff's merchandise and sold some of it, but stated that they were willing to return the part not sold and pay him for the part they had disposed of. They denied that the tent belonged to the plaintiff, and averred that it was the private property of C. T. Pratt, one of the defendants. They also averred that the plaintiff was not a member of the defendant church and for that reason had no legal right to complain about its business activities even though they be acts ultra vires. They admitted that the five defendants proceeded against as agents and employees of the defendant church were in fact employees thereof. By its verdict, a jury found in favor of the plaintiff for all relief prayed for and a judgment was accordingly entered. The defendants moved for a new trial and the exception is to a judgment denying their motion. *Held:*

1. Paragraphs 11, 12, and 13 of the petition allege that the defendant church is engaged in the business of selling merchandise at auction, and that it has no corporate authority to do so; but there is no allegation in the petition that the plaintiff is a member of the defendant church or that he has any other connection with it. Conceding, but not holding, that the act complained of in these paragraphs of the petition is an ultra vires one, the plaintiff for want of any interest in or connection with the defendant church (as a corporate entity) is in no position to complain about its alleged ultra vires act. *Galloway* v. *Mitchell County Electric Membership Corp.*, 190 *Ga.* 428, 435 (9 S. E. 2d 903); 19 C.J.S. 443, § 981. And a different ruling is not required because the petition also alleges that the defendant church in the commission of the act complained of is competing with the plaintiff in a like business which he conducts. A competing business does not of itself abridge or impair the right of another to engage in and carry on a similar business. No one has a legal right to create and protect a monopoly, and a violation of its charter provisions

by the defendant church does not of itself injuriously affect any of the plaintiff's rights. It is not shown by these paragraphs of the petition that the defendant church owes the plaintiff any duty respecting the act therein complained of. See 13 Am. Jur. 792, § 764; New Orleans &c. R. Co. v. Ellerman, 105 U.S. 166, 173 (26 L. ed. 1015); Alabama Power Co. v. Ickes, 302 U.S. 464 (58 Sup. Ct. 300, 82 L. ed. 374); Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U.S. 118, 139 (59 Sup. Ct. 366, 83 L. ed. 543). Since these paragraphs of the petition and the prayer based thereon failed to state a cause of action for the relief sought, they should have been stricken, and it was error not to do so, and any further action taken in the case respecting them is nugatory.

2. The petition, the answers, and a stipulation by the parties show that the defendants wrongfully took possession of and disposed of merchandise which the plaintiff owned and which had a value of $390.20. Hence, a verdict for that amount in favor of the plaintiff was demanded.

3. While the evidence concerning ownership of the tent and of its value was conflicting, the jury was nevertheless authorized to find that it was the property of the plaintiff, and that its value at the time of conversion was $400. Hence, the verdict respecting ownership and value of the tent was amply supported by evidence.

4. The evidence shows without dispute that the defendants illegally seized and retained possession of the plaintiff's merchandise and certain other property he used for the purpose of conducting his auction business. It also shows that they had on other occasions physically interfered with and obstructed his legal right to conduct his auction sales orderly and peacefully. In these circumstances the jury was amply authorized to find, as it did, in favor of a permanent injunction to prevent further acts of interference by the defendants with the conduct of the plaintiff's auction business.

5. Since, for the reasons stated in divisions 2, 3 and 4 of this opinion, the jury's finding in favor of the plaintiff was as to those issues a correct verdict; to that extent the judgment refusing the defendants a new trial is not erroneous.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JULY 15, 1958—DECIDED SEPTEMBER 5, 1958.

*Pittman, Kinney & Pope,* for plaintiffs in error.
*Carlton McCamy, Hardin, McCamy & Minor,* contra.