Alabama Hospital Association filed suit in the Circuit Court of Montgomery County against William W. Dillard, Jr., Chief Examiner, Department of Examiners of Public Accounts, seeking a determination that certain good faith expenditures made by public hospital association and public hospital corporation members of the Alabama Hospital Association, pursuant to powers granted them by the Legislature, and in pursuit of both a corporate and public purpose, are not made unlawful per se by application of Sections 68 and 94 of the Constitution of Alabama of 1901.
The Association alleged that its public hospital association and public hospital corporation members were, by legislative action, public corporations; that its members were separate entities from the state and from any local political subdivision including a county or city within which they are located; and that actions taken by its members do not constitute actions taken by a county or city within the meaning of Section 68 and Section 94 of the Constitution. After a hearing was held, the trial court entered an order holding that Sections 68 and 94 do apply to the members of the Alabama Hospital Association. This appeal followed.
The single issue to be resolved in this appeal is a question of law: whether otherwise lawful expenditures made by public hospital associations and public hospital corporations are prohibited by Sections 68 and 94 of the Constitution.
Section 68 reads as follows:
 The legislature shall have no power to grant or to authorize or require any county or municipal authority to grant, nor shall any county or municipal authority have power to grant any extra compensation, fee, or allowance to any public officer, servant, or employe, agent or contractor, after service shall have been rendered or contract made, nor to increase or decrease the fees and compensation of such officers during their terms of office; nor shall any officer of the state bind the state to the payment of any sum of money *Page 905 
but by authority of law; provided this section shall not apply to allowances made by commissioners' courts or boards of revenue to county officers for ex officio services, nor prevent the legislature from increasing or diminishing at any time the allowance to sheriffs or other officers for feeding, transferring, or guarding prisoners.
Section 94, as amended, reads as follows:
 The legislature shall not have power to authorize any county, city, town or other subdivision of this state to lend its credit, or to grant public money or thing of value in aid of, or to any individual, association, or corporation whatsoever, or to become a stockholder in any such corporation, association, or company, by issuing bonds or otherwise. It is provided, however, that the legislature may enact general, special, or local laws authorizing political subdivisions and public bodies to alienate, with or without a valuable consideration, public parks and playgrounds, or other public recreational facilities and public housing projects, conditional upon the approval of a majority of the duly qualified electors of the county, city, town, or other subdivision affected thereby, voting at an election held for such purpose.
We reverse and remand.
The Department of Examiners of Public Accounts contended below and contends on appeal that certain expenditures, even when made in good faith and within corporate powers by public hospital associations and corporations, are unlawful per se by application of the prohibitions contained in Section 68 and Section 94 of the Constitution. The Department contends that the expenditures, though they may be proper business expenditures such as hospital payment for flowers for hospitalized employees and for special events, hospital payment for meals for Board members when they are conducting hospital business, hospital payment of expenses for employee award functions, and hospital payment for employees' Christmas bonuses, are unlawful per se expenditures because they may inure to the benefit of the corporation or another individual within the proscriptions contained in the Constitution. In support of this argument, the Department contends that public hospital associations and public hospital corporations are subdivisions of the state or the counties or municipalities, and that such expenditures, even if otherwise lawful, are prohibited by the Constitution as extra compensation or aid or thing of value to an individual prohibited by Section 68 and Section 94. We disagree.
The powers of public hospital associations and corporations are defined by statute. Section 22-21-1, Code 1975, et seq.
Under these various statutes, public hospitals have the authority to make expenditures within the corporate powers which are necessary and appropriate and consistent with the maintenance of public health services and facilities. Of course, they are not authorized by statute, nor by common law, to exceed the corporate powers, nor may they ignore the fiduciary responsibilities and duties which are an integral part of all corporate existence.
We simply hold, as we have so often, "that a public corporation is a separate entity from the state and from any local political subdivision, including a city or county within which it is organized." Opinion of the Justices, 254 Ala. 506,49 So.2d 175 (1950). See also Water Works Board of City ofLeeds v. Huffstutler, 292 Ala. 669, 299 So.2d 268 (1974).
In Knight v. West Alabama Environmental ImprovementAuthority, 287 Ala. 15, 246 So.2d 903 (1971), this Court held:
 [T]he interdictions of Section 94 have reference to the kind of subdivisions of the State defined as political subdivisions such as the counties, cities, towns and probably certain districts which are endowed with governmental functions or powers, even though limited, and which are supported by and are responsible for the protection of public revenues. . . . Separate, independent public corporations are not political subdivisions of the State. They are not subdivisions of the State *Page 906 
within the meaning of Section 94 of the Constitution, as amended. [287 Ala. at 20, 21, 246 So.2d at 906]
We hold that public hospital corporations and public hospital associations created pursuant to the statutes referred to above are not political subdivisions of the state of Alabama and, thus, lawful expenditures by such public corporations or associations are not proscribed by the Constitution of Alabama.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., concurs in the result.
FAULKNER and BEATTY, JJ., dissent.