This case was submitted to the trial court on pleadings, affidavits, and briefs, without an evidentiary hearing. From a judgment for the defendants, plaintiffs appeal.
Defendant Lee County Hospital Board (Hospital Board) is a public corporation which was duly incorporated under the provisions of Act No. 46, enacted during the 1949 Regular Session of the Legislature of Alabama. The 1949 Act was amended in 1978 (1978 Alabama Acts No. 468). These *Page 722 
acts are now codified in § 22-21-70, et seq., Code 1975.[1]
At its meeting on August 25, 1980, the Board of Directors of Lee County Hospital Board, who are also defendants, (Directors) adopted the following resolution:
 "BE IT RESOLVED, by Lee County Hospital Board that operation of a shop providing for the sale of flowers, gifts and other items in Lee County Hospital would be to the benefit of the patients and visitors to the hospital and would constitute a part of the operation of the hospital, and that all acts taken thus far by the administration in furtherance of operation of such a floral and gift shop are hereby ratified and the president is directed to proceed with establishing the operation of a floral and gift shop in Lee County Hospital."
A floral and gift shop was opened at Lee County Hospital on October 1, 1980.
The plaintiffs are Alabama State Florists Association, Inc., a nonprofit incorporated association of retail florists, and Opelika Floral Company and Auburn Flower Company, Inc., which are licensed businesses in Lee County, Alabama, and competitors of the hospital gift shop.
Defendants challenge the plaintiffs' standing to raise the claim of ultra vires because the plaintiffs are strangers to the corporation, holding no interest therein and having no contractual relationship with the Hospital Board.
Alabama has codified the ultra vires doctrine in regard to business corporations at § 10-2A-24 and as to nonprofit corporations at § 10-3A-21, Code 1975. These provisions limit the ultra vires claim to actions brought by a member or director of the corporation, stockholders, parties contracting with the corporation, the corporation itself acting through a legal representative, or the Attorney General. There is no comparable provision in the title of the Code under which the Hospital Board was incorporated or reincorporated.
As a rule, "a competitor cannot attack acts of a corporation as ultra vires, merely on the ground of injurious competition . . . where such acts are neither public nuisances nor trespasses." 7A W. Fletcher, Cyclopedia of the Law of PrivateCorporations § 3451 (1978); Mound City Warehouse v. IllinoisCentral R. Co. 51 Ill. App.2d 103, 200 N.E.2d 919 (1964);Church of God of the Union Assembly, Inc. v. Carmical,214 Ga. 365, 104 S.E.2d 912 (1958); SDK Medical Computer Services Corp.v. Professional Operating Management Group, Inc.,371 Mass. 117, 354 N.E.2d 852 (1976).
This Court is persuaded that plaintiffs would not have standing to challenge ultra vires acts of the Hospital Board, if plaintiffs were merely competitors.
However, this Court is of the opinion that as taxpayers the plaintiffs have standing to challenge the allegedly ultra vires acts of the Hospital Board. A taxpayer has standing to maintain a suit to prevent a misappropriation of county funds. Thompsonv. Chilton County, 236 Ala. 142, 181 So. 701 (1938); Court ofCounty Revenues for Lawrence County v. Richardson, 252 Ala. 403, 41 So.2d 749 (1949); Zeigler v. Baker, 344 So.2d 761 (Ala. 1977). The evidence is undisputed that two of the plaintiffs, Opelika Floral and Auburn Flower, pay ad valorem taxes to the county. A portion of these taxes is earmarked for the Hospital Board. Therefore, the plaintiffs have standing to challenge the expenditure of public funds by the Board.
The plaintiffs contend that the expenditures made by the Hospital Board are not lawful expenditures because they are beyond the powers conferred upon the Hospital Board by corporate charter and by law. The Court must determine if the acts of the *Page 723 
Hospital Board and Directors were ultra vires.
As a corporation reincorporated pursuant to Act No. 82-418 (1982 Acts of Alabama), now codified at § 22-21-310 et seq., Code 1975, the Hospital Board clearly has the express power to operate the gift shop. Section 9 (5) of that Act, as codified, authorizes the Hospital Board
 "[t]o acquire, construct, reconstruct, equip, enlarge, expand, alter, repair, improve, maintain, . . . furnish and operate health care facilities at such place or places, within and without the boundaries of its authorizing subdivisions and within and without the state, as it considers necessary or advisable;. . . ."
§ 22-21-318 (a)(5), Code 1975.
Section 2 (a)(13) of the Act, as codified, defines "Health Care Facilities" as including, inter alia,
 "Generally, any one or more buildings or facilities which serve to promote the public health, . . . including, without limiting the generality of the foregoing;
 "a. . . . central service facilities operated in connection with public hospitals and other facilities (such as, for example, gift and flower shops, cafe and cafeteria facilities and the like) ancillary to public hospitals;" (Emphasis added.)
§ 22-21-311 (a)(13), Code 1975.
While at the time the Hospital Board opened the floral and gift shop, the statute under which the Hospital Board was originally incorporated, as amended, lacked the explicit definitional language of Act No. 82-418, the statute did at that time clearly authorize the Hospital Board to do any and all acts which were "necessary and incidental" to the operation, maintenance, and improvement of the hospital. §22-21-77, Code 1975. Plaintiffs' ultra vires argument, even under the prior enabling statute, thus would require a finding that the operation of the gift shop was not incidental or necessary to the Hospital Board's purpose of providing quality hospital care and services. Such an assertion is not only contrary to the reality of the modern medical center, but is also inconsistent with the limited law found on point.
While no Alabama cases appear to have been decided exactly on this point, this issue has been addressed in the context of the Federal Tax Code Provisions for tax exempt organizations. Section 511 of the Internal Revenue Code, 26 U.S.C. § 511, provides for taxation of certain income received by otherwise exempt organizations to the extent that it is derived from an unrelated business or trade conducted by the organization.26 U.S.C. § 511 (a)(1). The test for determining whether income stems from an unrelated trade or business is whether the conduct of such trade or business "is not substantially related
(aside from the need of such organization for income of funds or the use it makes of the profits derived) to the exercise or performance by such organization of its charitable, educational or other purpose or function constituting the basis for its exemption." 26 U.S.C. § 513 (a). (Emphasis added.)
This section has been interpreted specifically to mean that the operation of a hospital gift shop which sells flowers and other items to patients, employees, and visitors is substantially related to the exempt purposes of the hospital.Rev.Rulings 69-267, 1969-1 C.B. 160. In that ruling the Internal Revenue Service reasoned as follows:
 "Section 1.513.1 (d)(2) of the Income Tax Regulations provides that a trade or business is `substantially related' only if the production or distribution of the goods or the performance of services from which the gross income is derived contributes importantly to the accomplishment of the purposes for which exemption was granted."
One of the purposes of the hospital is to provide health care for members of the community. By providing a facility for the purchase of merchandise and services to improve the physical comfort and mental well being of its patients, the hospital is carrying on an activity that encourages their recovery and therefore contributes importantly to its exempt purposes. *Page 724 
Furthermore, since it is to the hospital's advantage to keep its employees and medical staff on its premises throughout their working days, the sale of reading materials, candy, and other personal effects by the gift shop to hospital personnel increases the hospital's efficiency and contributes importantly to its exempt purpose. Accordingly, it is held that this activity is substantially related to the purposes constituting the basis for the hospital's exemption and does not constitute unrelated trade or business under § 513 of the Code.
The reasoning applied in the revenue ruling is reflected in several court decisions in other jurisdictions involving facts analogous to those in this appeal. In 1948 the Supreme Court of Georgia held that a state university was empowered to operate a laundry and dry cleaning service for use by both the university and the surrounding community, and that such an operation did not compete unfairly with private cleaners in the area.Villyard v. Regents of University System of Georgia,204 Ga. 517, 50 S.E.2d 313 (1948). In that case, local dry cleaners sought to enjoin the university from providing dry cleaning and laundry services to the university community at rates lower than those offered by the plaintiffs. Plaintiffs argued that the university service was ultra vires and violative of state constitutional provisions similar to Section 35 of the Alabama Constitution, and that it constituted unfair competition. The Supreme Court of Georgia, applying the "reasonably related" test, concluded that the service was constitutional and within the lawful powers of the university. Having so concluded, the Court further disposed of the claim of unfair competition by holding that "if the operation of the laundry and dry cleaning service, at a price less than the commercial rate for the benefit of those connected with the school is lawful (because `reasonably related to the education, welfare, and health of the student bodies,') it matters not that such enterprise is competitive with the plaintiffs' business." 204 Ga. at 521,50 S.E.2d at 316. In reaching its conclusion the Villyard Court referred to a number of cases from other states in which the following types of public university activities met the test of reasonable relationship: "cafeterias operated primarily for students but which also serve faculty, parents and visitors; rental of school property for artistic or community uses in competition with private businesses; operation of a book store, selling books and supplies on a cost basis; operation of a university press for work produced outside of the university community; maintenance of a recreation center; and operation of a university infirmary." Id., 204 Ga. at 521,505 S.E.2d at 316.
While the services offered varied in the cases cited inVillyard, the facts are clearly analogous to those in the case at issue, in which the hospital runs a gift shop primarily for the benefit of its patients and employees, rather than strictly as a revenue producing operation. See Churchill v. Board ofTrustees of University of Alabama in Birmingham, 409 So.2d 1382
(Ala. 1982) (this Court held that a state university can sell hearing aids to patients in a university clinic). Thus, under both statute and case law the Hospital Board's operation was lawful and is not vulnerable to the ultra vires claims asserted by plaintiffs.
The operation of the floral and gift shop is also fully consistent with the constitutional mandate cited by the plaintiffs. Plaintiffs base their constitutional challenge on Section 35 of the Alabama Constitution of 1901, which provides:
 "That the sole object, and only legitimate end of government is to protect the citizens in the enjoyment of life, liberty, and property and when the government assumes other functions it is usurpation and oppression."
Section 35 deals expressly with actions undertaken by government. This Court has held that public hospital corporations and public hospital associations are not political subdivisions of the State of Alabama and thus, otherwise lawful expenditures by such public corporations or associations are not proscribed by the Constitution of Alabama. *Page 725 Alabama Hospital Association v. Dillard, 388 So.2d 903 (Ala. 1980).
The Hospital Board was originally incorporated pursuant to Code 1975, § 22-21-70. In Dillard, the Supreme Court of Alabama held that a public corporation organized under that section "is a separate entity from the state and from any local political subdivision, including a city or county in which it is organized." Id., at 905. This would be so even though the Directors of the Hospital Board are appointed by the governing body of Lee County, Alabama, Knight v. West AlabamaEnvironmental Improvement Authority, 287 Ala. 15, 246 So.2d 903
(1971), and public funds are allocated to the Hospital Board,Edmonson v. State Industrial Development Authority, 279 Ala. 206, 184 So.2d 115 (1966). The single issue that the plaintiffs argued in their brief was "[D]id the trial court err in determining that the defendants were lawful in the operation of a retail floral and gift shop." It did not.
The other issues raised by the plaintiffs were not argued; therefore, we pretermit any discussion of those.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, and BEATTY, JJ., concur.
[1] On October 1, 1982, the certificate of reincorporation of the East Alabama Health Care Authority was filed in the Office of the Judge of Probate of Lee County, Alabama. The reincorporation was pursuant to the provisions of "The Health Care Authorities Act of 1982," being Act No. 82-418, enacted at the 1982 Regular Session of the Legislature of Alabama.