This suit involves a dispute over the validity of a contract for wrecker service entered into by the City of Prichard and Michael Robinson, doing business as City Wrecker Service. Plaintiffs, who are Appellants here, are owners of wrecker service companies who were deprived of the right to compete for wrecker services granted to Robinson by his exclusive contract with the City. The circuit court found the contract to be valid and denied Plaintiffs' motion for a permanent injunction.
Plaintiffs raise three issues on appeal. First, that the contract constituted an exclusive grant of special privileges in violation of Ala. Const. 1901, Art. I, § 22; second, that the contract was void for failing to comply with the competitive bid law (Code 1975, § 41-16-50, et seq.); and third, that the contract and ordinance were improperly executed. Any of these, argue Plaintiffs, would be proper grounds for granting a permanent injunction.
Because of our holding that the interrelationship of the constitutional and competitive bid law issues requires our reversal of the judgment below, we pretermit any discussion of the "improper execution" issue.
The pertinent language of § 22 of the Constitution is:
 "[N]o . . . law . . . making any . . . exclusive grants of special privileges . . . shall be passed by the legislature; . . ."[1]
The competitive bid law, in pertinent part, reads:
 "All expenditure of funds of whatever nature for labor, services or work . . . involving $3,000.00 or more . . . made by . . . the governing bodies of the municipalities of the state . . . shall be made under contractual agreement entered into by free and open competitive bidding, on sealed bids, to the lowest responsible bidder. . . ."[2]
Code 1975, § 41-16-50 (a).
The argument against application of the competitive bid law most strongly urged by the City is that the law's "expenditure of funds" requirement is an element missing here, because it is the owners of the towed vehicles, and not the City, that pay for the service. Appellants counter this argument by citing several cases from other jurisdictions which have invalidated similar contracts for city services, reasoning that the "expenditure of funds" provision cannot serve as an "escape" from the law's application simply by requiring that the cost of such services be paid by the individual recipient.
These respective arguments are relevant to the dispositive issue only if we confine our inquiry to an analysis of the competitive bid law. But our inquiry is not so confined. Although counsel for the respective parties argue § 22 of the Constitution and the competitive bid law as separate and distinct issues, these independent laws are not mutually exclusive. For a discussion of the constitutional implications of a wrecker service franchise granted by a municipality, seeCrabtree v. City of Birmingham, 292 Ala. 684, 299 So.2d 282
(1974).
As the Court held in Franklin Solid Waste Service v. Jones,354 So.2d 4 (Ala. 1978), compliance with the bid law will generally satisfy the constitutional proscription *Page 434 
against the government's "exclusive grants of special privileges." Indeed, not only are these two laws — one organic and one statutory — legally compatible, but the minimumconstitutional requisite for upholding the instant franchise consists substantially in its compliance with the statutory
requisites.
Stated otherwise, under these circumstances, the City's grant of an exclusive contract for wrecker service that does not substantially comply with the bid law necessarily violates the constitutional proscription of § 22. Primarily this is true because competitive bidding of the contract is a fundamental requirement for compliance with either law. In order to escape its "exclusive grants of special privileges" proscription, our organic law mandates that governmental grants of "exclusive" franchises be subjected to a free, open, and competitive market.
It is true, of course, that the wrecker service contract here involved has its own set of peculiarities not present in other competitive bid contracts. Certainly, the City has the right (and, indeed, the duty) to require that prospective bidders meet minimum standards, e.g., adequate equipment, availability and accessibility of facilities to render the specified services, the proximity of an adequate storage lot to the city hall, etc. Few contracts for city services, however, fall into a simple, classical pattern; but these differences can be readily accommodated by the various departmental rules and regulations that implement the competitive bid ordinance or by the ordinance itself.
When contracts of this nature are agreed upon without proper competitive bidding, the Constitution is violated:
 "The monopoly which is obnoxious to the law, or the special exclusive privilege under the ban of the Constitution, is a privilege farmed out to the highest bidder, or conferred because of favoritism to the donee, and not one awarded to the lowest bidder, and for the convenience and benefit of the public." Dickinson v. Cunningham, 140 Ala. 527 at 533-534, 37 So. 345 at 349 (1903).
Similarly, in Crabtree, the Court observed:
 "[T]he exercise of such power does not grant carte blanche discretion to the City in its drafting of the specifications for qualification of the bidders in such a manner as to be violative of fundamental constitutional rights. Clearly, . . . departmental regulations supplementing [the authorizing ordinance] must meet the same test of reasonableness, and any such contract resulting from arbitrary regulatory requirements favoring one potential bidder to the exclusion of all others would fail to meet such a test." 292 Ala. at 691, 299 So.2d at 288.
Given the constitutional necessity for competitive bidding, then, we look to statutory law for an expression of public policy with respect to standards of reasonableness applicable to contract letting procedures. Thus, the juxtaposition of § 22 of the Constitution and the competitive bid law comprises the test for determining the validity of Robinson's wrecker service contract with the City. Stated another way, the in pari materia
construction of the two laws — the competitive bidding law as mandated by the Constitution and the procedural steps incident thereto as prescribed by statute — governs the right to injunctive relief herein sought by Appellants.
The fatal flaw in Robinson's contract is amply demonstrated by a combination of two facts: 1) The ordinance authorizing the contract established the fixed price for each towed vehicle (thus eliminating the primary object of the competitive bidding process[3]); and 2) the completed contract, tailored specifically to fit Robinson's operation, was already executed by Robinson before bid offers were tendered by the City to competing wrecker services. The judgment denying injunctive relief is reversed *Page 435 
and this cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
[1] The prohibition of this language applies to municipalities as well as to the legislature. Birmingham Pratt Mines St.Ry.Co.v. Birmingham St.Ry.Co., 79 Ala. 465 (1885).
[2] For other procedural provisions, see Code 1975, § 41-16-57.
[3] The only item subject to bid, as prescribed by the City's request for proposals, was the percentage of proceeds to be split between the wrecker company and the City after the auctioning of abandoned vehicles.