JONES, Justice.
This is an appeal from a summary judgment in favor of the defendants, Hill Rom, Inc., and the Health Care Authority of Athens and Limestone County (“Hospital”), in a suit for injunctive relief filed by Hospital Systems, Inc. (“HSI”). We affirm.
In August 1987, the Hospital invited bids for the alteration and expansion of its facility in Athens, Alabama. HSI and Hill Rom, manufacturers of patient headwall systems,[1] were both listed as “acceptable bidders” by the architectural firm retained by the Hospital for this renovation. This same architectural firm prepared the specifications for the project, which specifications included the guidelines to be used by the contractors in preparing their bids and included the bid form itself.
HSI, through the project’s general contractor, submitted a bid for the installation of 29 patient headwall systems as a part of the overall construction project. Hill Rom submitted a bid that exceeded the overall base bid of HSI by approximately $52,460. The Hospital informed HSI that it had awarded the contract for the patient head-wall systems to Hill Rom because the design of the system offered by Hill Rom “most closely met the specifications and quality desired” by the Hospital.
HSI expressed its concerns regarding the Hospital’s actions in letters to the administrator of the Hospital and to the chairman of the Hospital’s board of directors. In these letters, HSI reaffirmed its experience in the manufacture and installation of patient headwall systems and went on to state that the bid submitted by Hill Rom was excessive. The Hospital did not alter its position, and HSI sued the Hospital and Hill Rom, seeking to enjoin the execution of the contract between the Hospital and Hill Rom.
In its complaint, HSI alleged that, because Hill Rom was not the lowest bidder for the sale and installation of the patient headwall systems, the Hospital’s awarding the contract to Hill Rom violated Alabama’s Competitive Bid Law (Alabama Code 1975, § 41-16-50 et seq.), and that the Hospital’s conduct was illegal, arbitrary, capricious, or the result .of bad faith. The defendants answered the complaint, maintaining that the Hospital was exempt from the Competitive Bid Law by virtue of Code 1975, § 22-21-335,[2] but that the Competitive Bid Law would not have been violated anyway, because HSI’s bid was not the lowest responsible bid within the meaning of the provisions of the Competitive Bid Law. The defendants also filed motions for summary judgment.
At the hearing on the summary judgment motions, HSI challenged the constitutionality of Code 1975, § 22-21-335, arguing that this section violated the equal protection clause of the 14th Amendment of the United States Constitution. On appeal, HSI also asserts, as grounds for this issue, that § 22-21-335 violates the Alabama State Constitution; however, HSI did not serve the Alabama Attorney General with notice of its challenge to the constitutionality of this state statute, as required by Code 1975, § 6-6-227.
After considering the pleadings and the affidavits and counter-affidavits filed in support of the pleadings, the trial court entered summary judgment for the defendants, holding that “the issues raised by [HSI] are not actionable under § 22-21-335.” This appeal followed.
HSI first argues that summary judgment for the defendants was improper because § 22-21-335, upon which the trial court based its holding that the Hospital was exempt from the Competitive Bid Law, is unconstitutional as a grant of “special privileges” to the Hospital in violation of Article I, § 22, Alabama Const. 1901. The pertinent portion of § 22 reads:
*1326 “No ... law ... making ... exclusive grants of special privileges or immunities shall be passed by the legislature....”[3]
The Competitive Bid Law provides, in pertinent part:
“All expenditures of funds of whatever nature for labor, services or work, or for the purchase of materials, equipment, supplies or other personal property made by ... the county commissions and the governing bodies of the municipalities of this State ... shall be made under contractual agreement entered into by free and open competitive bidding, on sealed bids, to the lowest responsible bid-der_” (Emphasis supplied.)
The Hospital, however, is a “health care authority,” incorporated pursuant to the provisions of Code 1975, § 22-21-310 et seq. It is “a separate entity from the state and from any local political subdivision, including a city or county within which it is organized” (Opinion of the Justices, 254 Ala. 506, 511, 49 So.2d 175, 180 (1950)); therefore, it is not one of the governmental entities within the contemplation of the prohibitions of § 22 of our state constitution or § 41-16-50(a). Furthermore, the § 22-21-335 exemption would apply to the Hospital even if the directors of the Hospital’s board were appointed by either the governing body of the City of Athens or that of Limestone County. Alabama State Florists Association v. Lee County Hospital Bd., 479 So.2d 720 (Ala.1985).
The exemption from the Competitive Bid Law enjoyed by the Hospital is “part and parcel” of legislation creating and maintaining public authorities in Alabama. See, for example, § 4-3-60 (airport authorities); § 11-54A-17 (downtown redevelopment authorities); § 41-10-212 (Alabama Shakespeare Festival Theatre Finance Authority); and § 41-10-331 (Alabama Space Science Exhibit Finance Authority). The necessity for the services provided by the Hospital and other health care authorities, as well as the services provided by the myriad of boards and authorities authorized by our state legislature, is undisputed.
It is, however, equally true that the governmental entities normally responsible for providing these services too often lack sufficient funds to justify the expenditure of city or county tax revenues in these areas. Thus, the “authority,” through its separate existence, provides the required service with funds obtained from sources other than the tax revenues of a governmental entity. We hold, therefore, that the legislation under which the Hospital is incorporated, and by which it acquires its exemption from the Competitive Bid Law, violates neither the 14th Amendment to the United States Constitution nor § 22 of the Alabama State Constitution.
[4] Assuming, however, for the sake of discussion, that contracts entered into by the Hospital were subject to the requirements of the Competitive Bid Law, we would nonetheless be compelled to reject HSI’s arguments on this issue.
“It is fair to say that the legislative intent in passing the Competitive Bid Law was to get the best quality equipment at the lowest possible price, and the executive authorities should carry out this intent of the legislature. These officials must have discretion, [but] not an unbridled discretion. The single most important requirement of the Competitive Bid Law is the good faith of the officials charged in executing the requirements of the law.”
White v. McDonald Ford Tractor Co., 287 Ala. 77, 86, 248 So.2d 121, 129 (1971). See, also, J.F. Pate Contractors v. Mobile Airport Authority, 484 So.2d 418 (Ala.1986); and International Telecommunications Systems v. State, 359 So.2d 364 (Ala.1978).
Reviewing the record on appeal, we find no evidence to support HSI’s claim that the Hospital acted arbitrarily, capriciously, or in bad faith in awarding the contract for the patient headwall systems to Hill Rom. *1327 We do find, however, from the pleadings and from the affidavits submitted in support of the defendants’ motions for summary judgment, evidence of the Hospital’s exercise of good faith toward the citizens of Limestone County — potential patients of the Hospital in need of the care provided by the features of a patient headwall system — in awarding the contract to the supplier whose product most closely fit the specification standards developed by the project architect and the quality of product desired by the Hospital.
Because we hold that the exemption allowed by § 22-21-335 is fully applicable to the Hospital and that this section is not violative of the United States Constitution or the Alabama State Constitution, we need not address the issue of HSI’s alleged failure to serve the Alabama Attorney General with notice of its challenge to the constitutionality of § 22-21-335.
For the foregoing reasons, we hold that the trial court’s entry of summary judgment in favor of the defendants in this case was proper. That judgment, therefore, is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. A patient headwall system is a structure installed in the hospital room to concentrate the medical gases, electrical power, and accessory equipment at one convenient point for patient service. It becomes a permanent fixture of the building upon installation.

. "§ 22-21-335. Nonapplicability of competitive bid laws.
"The provisions of articles 2 and 3 of chapter 16 of Title 41 shall not apply to any authority, the members of its board or any of its officers or employees.”

. We have held that the prohibition of this section applies to municipalities as well as to the legislature. See, for example, Kennedy v. City of Prichard, 484 So.2d 432 (Ala.1986); and Birmingham & Pratt Mines St. Ry. v. Birmingham St. Ry., 79 Ala. 465 (1885). We add, here, that the section applies with equal force to the governing bodies of the counties of Alabama.