RICHARD L. HOLMES, Retired Appellate Judge.
J. Connor Owens, Jr., filed a multi-count complaint against Charlotte Bentley, an official with the Baldwin County Board of Health, the Baldwin County Board of Health (Health), the Baldwin County Commission (Commission), the Baldwin County' Solid Waste Authority (SWA), and Waste Manage *478 ment of Alabama, Inc. (Waste Management). The complaint challenged a mandatory household garbage collection system established in Baldwin County in 1993 and 1994 and Health’s denial of Owens’s petition to exempt his family’s vacation home from participation in the mandatory garbage collection. Owens wished to transport the solid waste generated at the vacation home to his residence in Bay Minette for disposal.
After a non-jury trial, the trial court issued an order, granting Bentley and Health’s motion to dismiss on the grounds that Owens failed to exhaust all administrative remedies. The trial court found in favor of the remaining defendants on the issues presented at trial.
Owens appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: In 1990 the Commission adopted a comprehensive solid waste management plan, which called for implementation of mandatory collection by 1993-94. In July 1993 the Commission approved a measure calling for mandatory participation in garbage collection for residences.
In September 1993 the Commission sent a request for proposals to approximately ten potential vendors. Only two vendors, Waste Management and Browning-Ferris Industries (BFI), submitted sealed bids. These bids were opened on October 28,1993.
On December 7, 1993, the Commission rejected both of these bids. On December 14, 1993, the Commission voted to create the SWA, with the members of the Commission comprising the board of directors of the SWA.
On December 17, 1993, the SWA held a workshop with Waste Management and BFI to receive input regarding the formulation of a proposal for mandatory garbage collection services.
On February 14, 1994, the Commission adopted solid waste regulations (Resolution #94-23) regarding the implementation of mandatory participation in garbage collection services. The SWA approved the proposal for bids, and sealed bids were solicited from Waste Management and BFI.
The sealed bids were opened on February 23, 1994, and Waste Management was the low bidder. On March 1, 1994, the SWA voted to award the contract for residential waste collection service to Waste Management.
In his first issue, Owens contends that the trial court committed reversible error when it determined that the Commission and the SWA had substantially complied with the competitive bid law. The Commission and the SWA argue that they substantially complied with the competitive bid law when awarding the residential solid waste collection franchise to Waste Management.
Initially, we would note that the Commission and the SWA are subject to the competitive bid laws. Beavers v. County of Walker, 645 So.2d 1365 (Ala.1994). It has been previously recognized by our supreme court that ari entity can “substantially comply” with the competitive bid laws. See Kennedy v. City of Prichard, 484 So.2d 432 (Ala.1986). After reviewing the record, we find that under the facts of the present case, as indicated above, the Commission and the SWA substantially complied with the competitive bid laws.
In a second issue, Owens also contends that the trial court committed reversible error when it determined that the Commission and the SWA did not violate Ala.Code 1975, § 22-27-48(a), regarding notice to the public concerning the contract with Waste Management. The Commission and the SWA argue that the notice requirement of § 22-27-48(a) does not apply to the contract executed between the SWA and Waste Management because, as they point out, the notice requirement in § 22-27-48(a) applies to the “local governing body,” such as the Commission, and the contract in the present ease was between the SWA and Waste Management.
Additionally, we would note, as the trial court did in its order, that the meetings of the SWA are not subject to the provisions of Ala.Code 1975, § 13A-14-2, known as the “Sunshine Law.” See Ala.Code 1975, § 11-89A-6(c).
*479 Consequently, we find that there was no violation of the notice requirement of § 22-27-48(a) regarding the contract between the SWA and Waste Management.
In his third issue, Owens further contends that the trial court committed reversible error when it failed to determine that Resolution # 94-23 was adopted without due process. Owens argues that the resolution was adopted without due process because, he says, it was not published. While Owens concedes in his brief that there is no statute requiring publication of a proposed resolution by a county, he argues that publication should be required because of the nature of the resolution involved. We find that this is a matter for the legislature.
In his fourth issue, Owens argues that the trial court committed reversible error when it failed to determine that Resolution # 94-23 was “unreasonable.” As previously noted, Resolution # 94-23 was adopted by the Commission to implement mandatory participation in garbage collection.
In his brief, Owens complains of only one portion of the resolution, which has to do with placement of the receptacles for residential waste collection. We have reviewed the entire resolution and find that the resolution appears to have a reasonable and rational basis for its provisions — the orderly collection and disposal of residential solid waste.
In his final issue, Owens contends that the trial court committed reversible error when it dismissed his cause of action against Bentley and Health because, he says, it would have been futile for him to have pursued administrative remedies. Under the facts of the present case, we find no valid exception to the application of the exhaustion of administrative remedies doctrine.
In light of the above, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P. J., and YATES and CRAWLEY, JJ., concur.